*MHN*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SALLIE A. MOORE, | ) | **07CV6783** |
| | ) | **JUDGE KENDALL** |
| Plaintiff | ) | **MAGISTRATE JUDGE KEYS** |
| | ) | |
| v. | ) | |
| | ) | |
| LONG TERM DISABILITY PLAN FOR | ) | |
| EMPLOYEES OF METROPOLITAN | ) | |
| PIER& EXPOSITION AUTHORITY, and | ) | **FILED** |
| PRUDENTIAL INSURANCE COMPANY | ) | |
| OF AMERICA | ) | **NF** |
| | ) | DEC 0 3 2007 |
| Defendants. | ) | 12-3-2007 |
| | | **MICHAEL W. DOBBINS** |
| | | **CLERK, U.S. DISTRICT COURT** |

## COMPLAINT

Now comes the Plaintiff, SALLIE A. MOORE, by her attorneys, DAVID A. BRYANT

and DALEY, DeBOFSKY & BRYANT, and complaining against the Defendants, she states:

### Jurisdiction and Venue

1.      Jurisdiction of the court is based upon the Employee Retirement Income Security

Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give

the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of

an employee welfare benefit plan which, in this case, consists of an employer-sponsored benefit

plan which became insured under a group long term disability insurance policy ("Plan")

underwritten and insured by Prudential Insurance Company of America ("Prudential") under Group

Policy No.40916 for the benefit of employees of Metropolitan Pier & Exposition Authority

("MPEA"). In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331,

which gives the district court jurisdiction over actions that arise under the laws of the United States.

2.      The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials.   Plaintiff has exhausted all of her pre-suit appeals, thus this matter is ripe for judicial review.

3.      Venue is proper in the Northern District of Illinois.   29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

### Nature of the Action

4.      This is a claim seeking payment of disability income benefit payments pursuant to a policy of insurance underwritten and insured by Prudential to provide Long Term Disability Insurance Benefits (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") to employees of MPEA under Policy No. 40916.  This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

### The Parties

5.      Sallie Moore ("Moore")(dob 12/18/1957) is and was a resident of Midlothian, Illinois at all times relevant hereto.

6.      As a benefit of her employment, MPEA provided its employees, including Moore, with long term disability insurance benefits.   At all times relevant hereto, MPEA, has been authorized to and does business in the Northern District of Illinois.

7.      At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Moore received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7).   This claim relates to benefits under the foregoing Plan.

2

### *Statement of Facts*

8.    Moore was actively employed by MPEA as a receptionist/switchboard operator until

October 19, 2004, when she had to cease working due to severe knee pain and arthritis in both knees

following knee surgery.  Moore has not engaged in any substantial gainful activity since October

2004.

9.    Subsequent to ceasing employment, Moore made a claim for long term disability

benefits under the Plan, stating that due to her condition, on or about October 19, 2004, and

continuing to the present without interruption, she met the Plan definition of "disability," which

states in relevant part:

> You are disabled when Prudential determines that:
>
> *   you are unable to perform the ***material and substantial duties*** of your
>     ***regular occupation*** due to your ***sickness*** or ***injury***; and
>
> *   you have a 20% or more loss in your ***indexed monthly earnings*** due to that
>     ***sickness*** or ***injury***.
>
> After 36 months of payments, you are disabled when Prudential determines that
> due to the same sickness or injury, you are unable to perform the duties of any
> ***gainful occupation*** for which you are reasonably fitted by education, training or
> experience.

Exhibit "A" at 10 (emphasis in original).

10.    Moore supported her claim for benefits with numerous medical records and

reports, as well as other evidence certifying disability, and initially received long term disability

benefits after satisfying the Plan's elimination period from January 17, 2005, until June 1, 2005,

when Prudential denied Moore's claim for continued benefits even though there had been no

improvement in Moore's condition and additional surgeries were anticipated.

11.    After Prudential refused to pay benefits, Moore submitted an administrative

appeal to Prudential which included medical evidence supporting her ongoing disability.  Her

3

claim was further supported by a determination of disability (signifying the inability to engaging in "any substantial gainful activity" (42 U.S.C. §423(d)(1)(A) – definition of "disabled" under the Social Security Act)) from the Social Security Administration which found she was disabled as of April 1, 2005 (a true and correct copy of which is attached hereto and incorporated herein as Exhibit B). However, despite the foregoing, on October 17, 2006, Prudential has refuse to alter its decision to deny the payment of benefits.

12.    Because all avenues of administrative appeal to Prudential have been completed, this matter is now ripe for judicial review.

13.    The determination by Prudential is contrary to the terms of the welfare benefit plan and has no rational support in the evidence. That decision is also contrary to conclusions reached by an independent, objective U.S. governmental agency as well as the reports of the treating and examining physicians.

14.    As a direct and proximate result thereof, based on the evidence submitted to Prudential establishing that Moore has met the Plan's disability definition, and that she continues to meet the definition of Total Disability, Moore is entitled to all benefits due since June 1, 2005, and such benefits must be continued until she recovers from disability, dies or reaches the age of 65, whichever comes first.

WHEREFORE, Plaintiff prays for the following relief:

A.    That the court enter judgment in Plaintiff's favor and against the Defendants, and that the court order Defendants to pay disability income benefits to Moore in an amount equal to the contractual amount of benefits to which she is entitled;

4

B.     That the court order Defendants to pay Plaintiff prejudgment interest at a rate of 9% per annum on all benefits that have accrued prior to the date of judgment in accordance with 215 ILCS 5/357.9 or 5/357.9a;

C.     That the court order Defendants to continue paying Plaintiff benefits so long as she meets the policy terms and conditions for receipt of benefits;

D.     That the court award Plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g); and

E.     That Plaintiff recover any and all other relief which she may be entitled, as well as the costs of suit.

_____
One of the attorneys for Plaintiff

David A. Bryant
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778



Your Group Benefits

# Metropolitan Pier and Exposition Authority

**Long Term Disability Coverage**

EXHIBIT

tabbies®

**A**



**Prudential Financial**

# Benefit Highlights

## LONG TERM DISABILITY PLAN

This long term disability plan provides financial protection for you by paying a portion of your income while you have a long period of disability.  The amount you receive is based on the amount you earned before your disability began.  In some cases, you can receive disability payments even if you work while you are disabled.  Benefits start after the elimination period.

| | |
|---|---|
| **Program Date:** | November 1, 2001 |
| **Contract Holder:** | METROPOLITAN PIER AND EXPOSITION AUTHORITY |
| **Group Contract Number:** | G-40916-IL |
| **Covered Classes:** | All active full-time Employees classified by the Employer as Non Union, Security Guard/ Fire Guard; excluding any Employees employed on a temporary or seasonal basis. |
| **Minimum Hours Requirement:** | Employees must be working at least 30 hours per week. |
| **Employment Waiting Period:** | You may need to work for your Employer for a continuous period before you become eligible for the plan.  The period is 90 days if employed after November 1, 2001.  If employed prior to November 1, 2001 there is not an Employment Waiting Period. |
| **Elimination Period:** | 90 days. |
| | **Benefits begin the day after the Elimination Period is completed.** |
| **Monthly Benefit:** | 60% of your monthly earnings, but not more than $6,000.00.<br><br>Your benefit may be reduced by deductible sources of income and disability earnings.  Some disabilities may not be covered or may be limited under this coverage. |

**Maximum Period of Benefits:**

| Your Age on Date Disability Begins | Your Maximum Benefit Duration |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

83500
CBH-LTD-1001

(40916-1)

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

No contributions are required for your coverage while you are receiving payments under this plan.

**Cost of Coverage:**    The long term disability plan is provided to you on a non-contributory basis. The entire cost of your coverage under the plan is being paid by your Employer.

**The above items are only highlights of your coverage.  For a full description please read this entire Group Insurance Certificate.**

83500
CBH-LTD-1001

(40916-1)

# Table of Contents

BENEFIT HIGHLIGHTS - LONG TERM DISABILITY PLAN ....................................................1

CERTIFICATE OF COVERAGE....................................................................................................4

GENERAL PROVISIONS ................................................................................................................5

LONG TERM DISABILITY COVERAGE - GENERAL INFORMATION ....................................9

LONG TERM DISABILITY COVERAGE - BENEFIT INFORMATION ....................................10

LONG TERM DISABILITY - OTHER BENEFITS ......................................................................21

LONG TERM DISABILITY - CLAIM INFORMATION...............................................................22

LONG TERM DISABILITY - OTHER SERVICES .......................................................................25

LONG TERM DISABILITY - OTHER SERVICES .......................................................................26

GLOSSARY.....................................................................................................................................27

SUMMARY PLAN DESCRIPTION..............................................................................................31

**The Prudential Insurance Company of America**

# Certificate of Coverage

The Prudential Insurance Company of America (referred to as Prudential) welcomes you to the plan.

This is your Certificate of Coverage as long as you are eligible for coverage and you meet the requirements for becoming insured. You will want to read this certificate and keep it in a safe place.

Prudential has written this certificate in booklet format to be understandable to you. If you should have any questions about the content or provisions, please consult Prudential's claims paying office. Prudential will assist you in any way to help you understand your benefits.

The benefits described in this Certificate of Coverage are subject in every way to the entire Group Contract which includes this Group Insurance Certificate.

## Prudential's Address

The Prudential Insurance Company of America
290 West Mount Pleasant Avenue
Livingston, New Jersey 07039

# General Provisions

## What Is the Certificate?

This certificate is a written document prepared by Prudential which tells you:

- the coverage to which you may be entitled;
- to whom Prudential will make a payment; and
- the limitations, exclusions and requirements that apply within a plan.

## General Definitions used throughout this certificate include:

*You* means a person who is eligible for Prudential coverage.

*We, us, and our* means The Prudential Insurance Company of America.

*Employee* means a person who is in active employment with the Employer for the minimum hours requirement.

*Insured* means any person covered under a coverage.

*Plan* means a line of coverage under the Group Contract.

## When Are You Eligible for Coverage?

If you are working for your Employer in a covered class, the date you are eligible for coverage is the later of:

- the plan's program date; and
- the day after you complete your *employment waiting period*.

*Employment waiting period* means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

## When Does Your Coverage Begin?

When your Employer pays the entire cost of your coverage under a plan, you will be covered at 12:01 a.m. on the date you are eligible for coverage, provided you are in *active employment* on that date.

When you and your Employer share the cost of your coverage under a plan, you will be covered at 12:01 a.m. on the latest of:

- the date you are eligible for coverage, if you apply for insurance on or before that date;
- the date you apply for insurance, if you apply within 31 days after your eligibility date; or
- the date Prudential approves your application, if *evidence of insurability* is required.

Evidence of insurability is required if you:

- are a late applicant, which means you apply for coverage more than 31 days after the date you are eligible for coverage; or

- voluntarily canceled your coverage and are reapplying; or

- apply after any of your coverage ended because you did not pay a required contribution; or

- have not met a previous evidence requirement to become insured under any plan the Employer has with Prudential.

An evidence of insurability form can be obtained from your Employer.

*Active employment* means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 30 hours per week.

Your worksite must be:

- your Employer's usual place of business;

- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or

- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

*Evidence of insurability* means a statement of your medical history which Prudential will use to determine if you are approved for coverage. Evidence of insurability will be provided at your own expense.

## What If You Are Absent from Work on the Date Your Coverage Would Normally Begin?

If you are absent from work due to injury, sickness, temporary layoff or leave of absence your coverage will begin on the date you return to active employment.

## Once Your Coverage Begins, What Happens If You Are Temporarily Not Working?

If you are on a temporary **layoff**, and if premium is paid, you will be covered to the end of the month following the month in which your temporary layoff begins.

If you are on a **leave of absence**, and if premium is paid, you will be covered to the end of the month following the month in which your leave of absence begins.

(S-1) (40916-1)

With respect to leave under the federal Family and Medical Leave Act of 1993 (FMLA) or similar state law, continuation of coverage under the plan during such leave will be governed by your Employer's policies regarding continuation of such coverage for non-FMLA leave purposes and any applicable law. Continuation of such coverage pursuant to this provision is contingent upon Prudential's timely receipt of premium payments and written confirmation of your FMLA leave by your Employer.

If you are working less than 30 hours per week, for reasons other than disability, and if premium is paid, you will be covered to the end of the month following the month in which your reduced hours begin.

---

**Layoff** or **leave of absence** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

---

## When Will Changes to Your Coverage Take Effect?

Once your coverage begins, any increased or additional coverage will take effect immediately upon the effective date of the change, if you are in active employment or if you are on a covered layoff or leave of absence. If you are not in active employment due to injury or sickness, any increased or additional coverage will begin on the date you return to active employment. An increase in your long term disability coverage may be subject to a pre-existing condition limitation as described in the plan. Any decrease in coverage will take effect immediately upon the effective date of the change. Neither an increase nor a decrease in coverage will affect a **payable claim** that occurs prior to the increase or decrease.

---

**Payable claim** means a claim for which Prudential is liable under the terms of the Group Contract.

---

## When Does Your Coverage End?

Your coverage under the Group Contract or a plan ends on the earliest of:

- the date the Group Contract or a plan is canceled;

- the date you are no longer a member of the covered classes;

- the date your covered class is no longer covered;

- the last day of the period for which you made any required contributions;

- the last day you are in active employment except as provided under the temporary absence from work provisions; or

- the date you are no longer in active employment due to a disability that is not covered under the plan.

## Does the Coverage under a Plan Replace or Affect any Workers' Compensation or State Disability Insurance?

The coverage under a plan does not replace or affect the requirements for coverage by workers' compensation or state disability insurance.

83500
CGP-1001

(S-1) (40916-1)

## Does Your Employer Act as Prudential's Agent?

For purposes of the Group Contract, your Employer acts on its own behalf. Under no circumstances will your Employer be deemed the agent of Prudential.

## Does This Certificate Address Any Rights to Other Benefits or Affect Your Employment with Your Employer?

This certificate sets forth only the terms and conditions for coverage and receipt of benefits for Long Term Disability. It does not address and does not confer any rights, or take away any rights, if any, to other benefits or employment with your Employer. Your rights, if any, to other benefits or employment are solely determined by your Employer. Prudential plays no role in determining, interpreting, or applying any such rights that may or may not exist.

## How Can Statements Made in Your Application for this Coverage be Used?

Prudential considers any statements you or your Employer make in a signed application for coverage a representation and not a warranty. If any of the statements you or your Employer make are not complete and/or not true at the time they are made, we can:

- reduce or deny any claim; or

- cancel your coverage from the original effective date.

If a statement is used in a contest, a copy of that statement will be furnished to you or, in the event of your death or incapacity, to your eligible survivor or personal representative.

A statement will not be contested after the amount of insurance has been in force, before the contest, for at least two years during your lifetime.

We will use only statements made in a signed application as a basis for doing this.

If the Employer gives us information about you that is incorrect, we will:

- use the facts to decide whether you have coverage under the plan and in what amounts; and

- make a fair adjustment of the premium.

83500
CGP·1001

(S-1) (40916-1)

# Long Term Disability Coverage

## GENERAL INFORMATION

### Who Is in the Covered Class(es) for the Insurance?

The Covered Classes are:

All active full-time Employees classified by the Employer as Non Union, Security Guard/ Fire Guard; excluding any Employees employed on a temporary or seasonal basis.

### How Many Hours Must You Work to be Eligible for Coverage?

You must be working at least 30 hours per week.

### What Is Your Employment Waiting Period?

You may need to work for your Employer for a continuous period before you become eligible for the plan. The period is 90 days if employed after November 1, 2001. If employed prior to November 1, 2001 there is not an Employment Waiting Period.

### Who Pays for Your Coverage?

Your coverage is paid for by your Employer.

83500
CGI-LTD-1001

(S-3) (40916-1)

# Long Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and

- you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness* or *injury*.

After 36 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by doctors, other medical practitioners or vocational experts of our choice. Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Regular occupation* means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Gainful occupation* means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*Injury* means a bodily injury that is the direct result of an accident, is independent of sickness, and occurs while you are covered under the plan. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

*Indexed monthly earnings* means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on

83500
CBI-LTD-1057 (as modified by GRP 99545-7)                                      (40916-1)

that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

GRP 99645-14

## How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your *elimination period*. Prudential will treat your disability as continuous if your disability stops for 30 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period.

Your elimination period is 90 days.

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

## Can You Satisfy Your Elimination Period If You Are Working?

Yes, provided you meet the definition of disability.

## When Will You Begin to Receive Disability Payments?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment each month for any period for which Prudential is liable.

## How Much Will Prudential Pay If You Are Disabled and Not Working?

We will follow this process to figure out your *monthly payment*:

1.  Multiply your monthly earnings by 60%.

2.  The maximum *monthly benefit* is $6,000.00.

3.  Compare the answer in item 1 with the maximum monthly benefit. The lesser of these two amounts is your *gross disability payment*.

4.  Subtract from your gross disability payment any *deductible sources of income*.

That amount figured in item 4 is your monthly payment.

After the elimination period, if you are disabled for less than 1 month, we will send you 1/30th of your payment for each day of disability.

*Monthly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

83500
CBI-LTD-1057 (as modified by GRP 99545-7)

(40916-1)

**benefit** means the total benefit amount for which you are insured, maximum benefit.

**disability payment** means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

**deductible sources of income** means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

## What Are Your Monthly Earnings?

Monthly earnings means your gross monthly income from your Employer in effect just prior to your date of disability. It does not include income received from commissions, bonuses, overtime pay, any other extra compensation, or income received from sources other than your Employer.

## What Will We Use to Determine Monthly Earnings If You Become Disabled During a Covered Layoff or Leave of Absence?

If you become disabled while you are on a covered layoff or leave of absence, we will use your monthly earnings from your Employer in effect just prior to the date your absence begins.

## How Much Will Prudential Pay If You Work While You Are Disabled?

We will send you the monthly payment if you are disabled and your monthly **disability earnings**, if any, are less than 20% of your indexed monthly earnings due to the same sickness or injury.

If you are disabled and your monthly disability earnings are 20% or more of your indexed monthly earnings, due to the same sickness or injury, Prudential will figure your payment as follows:

During the first 12 months of payments, while working, your monthly payment will not be reduced as long as disability earnings plus the gross disability payment does not exceed 100% of indexed monthly earnings.

1. Add your monthly disability earnings to your gross disability payment.

2. Compare the answer in item 1 to your indexed monthly earnings.

If the answer from item 1 is less than or equal to 100% of your indexed monthly earnings, Prudential will not further reduce your monthly payment.

If the answer from item 1 is more than 100% of your indexed monthly earnings, Prudential will subtract the amount over 100% from your monthly payment.

After 12 months of payments, while working, you will receive payments based on the percentage of income you are losing due to your disability.

1.  Subtract your disability earnings from your indexed monthly earnings.

2.  Divide the answer in item 1 by your indexed monthly earnings.  This is your percentage of lost earnings.

3.  Multiply your monthly payment by the answer in item 2.

This is the amount Prudential will pay you each month.

If your monthly disability earnings exceed 80% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

Prudential may require you to send proof of your monthly disability earnings on a monthly basis. We will adjust your payment based on your monthly disability earnings.

As part of your proof of disability earnings, we can require that you send us appropriate financial records, including copies of your IRS federal income tax return, W-2's and 1099's, which we believe are necessary to substantiate your income.

*Disability earnings* means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible.  This would be, based on your restrictions and limitations:

*   During the first 36 months of disability payments, the greatest extent of work you are able to do in your regular occupation, that is reasonably available.

*   Beyond 36 months of disability payments, the greatest extent of work you are able to do in any occupation, that is reasonably available, for which you are reasonably fitted by education, training or experience.

Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

## What Happens If Your Disability Earnings Fluctuate?

If your disability earnings are expected to fluctuate widely from month to month, Prudential may average your disability earnings over the most recent 3 months to determine if your claim should continue subject to all other terms and conditions in the plan.

If Prudential averages your disability earnings, we will terminate your claim if the average of your disability earnings from the last 3 months exceeds 80% of indexed monthly earnings.

We will not pay you for any month during which disability earnings exceed the above amount.

## What Are Deductible Sources of Income?

Prudential will deduct from your gross disability payment the following deductible sources of income:

1. The amount that you receive or are entitled to receive as loss of time benefits under:

    (a) a workers' compensation law;

    (b) an occupational disease law; or

    (c) any other *act* or *law* with similar intent.

2. The amount that you receive or are entitled to receive as loss of time disability income payments under any:

    (a) state compulsory benefit act or law;

    (b) automobile liability insurance policy;

    (c) other group insurance plan; or

    (d) governmental retirement system as the result of your job with your Employer.

3. The amount that you, your spouse and children receive or are entitled to receive as loss of time disability payments because of your disability under:

    (a) the United States Social Security Act;

    (b) the Railroad Retirement Act;

    (c) the Canada Pension Plan;

    (d) the Quebec Pension Plan; or

    (e) any similar *plan* or *act*.

    Amounts paid to your former spouse or to your children living with such spouse will not be included.

4. The amount that you receive as retirement payments or the amount your spouse and children receive as retirement payments because you are receiving payments under:

    (a) the United States Social Security Act;

    (b) the Railroad Retirement Act;

    (c) the Canada Pension Plan;

    (d) the Quebec Pension Plan; or

    (e) any similar plan or act.

    Benefits paid to your former spouse or to your children living with such spouse will not be included.

5. The amount that you:

    (a) receive as disability payments under your Employer's *retirement plan*;

83500
CBI-LTD-1057 (as modified by GRP 99545-7)

(40916-1)

(b)  voluntarily elect to receive as retirement or early retirement payments under your Employer's retirement plan; or

(c)  receive as retirement payments when you reach normal retirement age, as defined in your Employer's retirement plan.

Disability payments under a retirement plan will be those benefits which are paid due to disability and do not reduce the retirement benefits which would have been paid if the disability had not occurred.

Retirement payments will be those benefits which are paid based on your Employer's contribution to the retirement plan. Disability benefits which reduce the retirement benefits under the plan will also be considered as a retirement benefit.

Amounts received do not include amounts rolled over or transferred to any eligible retirement plan. Prudential will use the definition of eligible retirement plan as defined in Section 402 of the Internal Revenue Code including any future amendments which affect the definition.

6.  The amount you receive under the maritime doctrine of maintenance, wages and cure. This includes only the "wages" part of such benefits.

7.  The amount that you receive from a partnership, proprietorship or any similar draws.

8.  The amount that you receive, due to your disability, from a third party (after subtracting attorney's fees) by judgment, settlement or otherwise.

With the exception of retirement payments, or amounts that you receive from a partnership, proprietorship or any similar draws, Prudential will only subtract deductible sources of income which are payable as a result of the same disability.

We will not reduce your payment by your Social Security income if your disability begins after age 65 and you were already receiving Social Security retirement payments.

**Law, plan or act** means the original enactment of the law, plan or act and all amendments.

**Retirement plan** means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

## What Are Not Deductible Sources of Income?

Prudential will not deduct from your gross disability payment income you receive from, but not limited to, the following sources:

- 401(k) plans;

- profit sharing plans;

- thrift plans;

- tax sheltered annuities;

- stock ownership plans;

- non-qualified plans of deferred compensation;

- pension plans for partners;

83500
CBI-LTD-1057 (as modified by GRP 99545-7)

(40916-1)

- military pension and disability income plans;
- credit disability insurance;
- franchise disability income plans;
- a retirement plan from another Employer;
- individual retirement accounts (IRA).

## What If Subtracting Deductible Sources of Income Results in a Zero Benefit? (Minimum Benefit)

The minimum monthly payment is $100.00.

Prudential may apply this amount toward an outstanding overpayment.

## What Happens When You Receive a Cost of Living Increase from Deductible Sources of Income?

Once Prudential has subtracted any deductible source of income from your gross disability payment, Prudential will not further reduce your payment due to a cost of living increase from that source.

## What If Prudential Determines that You May Qualify for Deductible Income Benefits?

If we determine that you may qualify for benefits under item 1, 2 or 3 in the deductible sources of income section, we will estimate your entitlement to these benefits. We can reduce your payment by the estimated amount if such benefits have not been awarded.

However, we will NOT reduce your payment by the estimated amount under item 1, 2 or 3 in the deductible sources of income section if you:

- apply for the benefits;
- appeal any denial to all administrative levels Prudential feels are necessary; and
- sign Prudential's Reimbursement Agreement form.  This form states that you promise to pay us any overpayment caused by an award.

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount awarded; or

- that benefits have been denied and all appeals Prudential feels are necessary have been completed. In this case, a lump sum refund of the estimated amount will be made to you.

## What Happens If You Receive a Lump Sum Payment?

If you receive a lump sum payment from any deductible source of income, the lump sum will be pro-rated on a monthly basis over the time period for which the sum was given. If no time period is stated, we will use a reasonable one.

## How Long Will Prudential Continue to Send You Payments?

Prudential will send you a payment each month up to the ***maximum period of payment***. Your maximum period of payment is:

| Your Age on Date Disability Begins | Your Maximum Period of Benefits |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

We will stop sending you payments and your claim will end on the earliest of the following:

1. During the first 36 months of payments, when you are able to work in your regular occupation on a *part-time basis* but you choose not to; after 36 months of payments, when you are able to work in any gainful occupation on a part-time basis but you choose not to.

2. The end of the maximum period of payment.

3. The date you are no longer disabled under the terms of the plan.

4. The date you fail to submit proof of continuing disability satisfactory to Prudential.

5. The date your disability earnings exceed the amount allowable under the plan.

6. The date you die.

***Maximum period of payment*** means the longest period of time Prudential will make payments to you for any one period of disability.

83500
CBI-LTD-1057 (as modified by GRP 99545-7)

(40916-1)

*Part-time basis* means the ability to work and earn 20% or more of your indexed monthly earnings.

## What Disabilities Have a Limited Pay Period Under Your Plan?

Disabilities due to a sickness or injury which, as determined by Prudential, are primarily based on *self-reported symptoms* have a limited pay period during your lifetime.

Disabilities which, as determined by Prudential, are due in whole or part to *mental illness* also have a limited pay period during your lifetime.

The limited pay period for self-reported symptoms and mental illness combined is 24 months during your lifetime.

Prudential will continue to send you payments for disabilities due in whole or part to mental illness beyond the 24 month period if you meet one or both of these conditions:

1.  If you are *confined* to a *hospital or institution* at the end of the 24 month period, Prudential will continue to send you payments during your *confinement*.

    If you are still disabled when you are discharged, Prudential will send you payments for a recovery period of up to 90 days.

    If you become reconfined at any time during the recovery period and remain confined for at least 14 days in a row, Prudential will send payments during that additional confinement and for one additional recovery period up to 90 more days.

2.  In addition to item 1, if, after the 24 month period for which you have received payments, you continue to be disabled and subsequently become confined to a hospital or institution for at least 14 days in a row, Prudential will send payments during the length of the confinement.

Prudential will not pay beyond the limited pay period as indicated above, or the maximum period of payment, whichever occurs first.

Prudential will not apply the mental illness limitation to dementia if it is a result of:

*   stroke;

*   trauma;

*   viral infection;

*   Alzheimer's disease; or

*   other conditions not listed which are not usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Self-reported symptoms* means the manifestations of your condition, which you tell your doctor, that are not verifiable using tests, procedures and clinical examinations standardly accepted in the practice of medicine. Examples of self-reported symptoms include, but are not limited to headache, pain, fatigue, stiffness, soreness, ringing in ears, dizziness, numbness and loss of energy.

*Mental illness* means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive or bipolar illness, anxiety, somatization, substance related disorders and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Confined or confinement* for this section means a hospital stay of at least 8 hours per day.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## What Disabilities Are Not Covered Under Your Plan?

Your plan does not cover any disabilities caused by or resulting from your:

- intentionally self-inflicted injuries;

- active participation in a riot; or

- commission of a crime for which you have been convicted under state or federal law.

Your plan does not cover a disability which:

- begins within 12 months of the date your coverage under the plan becomes effective; and

- is due to a pre-existing condition.

Your plan does not cover a disability due to war, declared or undeclared, or any act of war.

Prudential will not make a payment for any period of disability during which you are incarcerated as a result of a conviction.

## What Is a Pre-Existing Condition?

You have a pre-existing condition if you received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines, or followed treatment recommendation in the 3 months just prior to your effective date of coverage or the date an increase in benefits would otherwise be available.

## How Does a Pre-Existing Condition Affect an Increase in Your Benefits?

If there is an increase in your benefits due to an amendment of the plan; or your enrollment in another plan option, a benefit limit will apply if your disability is due to a pre-existing condition.

You will be limited to the benefits you had on the day before the increase if your disability begins during the 12 month period starting with the date the increase in benefits would have been effective. The increase will not take effect until your disability ends.

## How Does the Pre-Existing Condition Work If You Were Covered Under Your Employer's Prior Plan?

Special rules apply to pre-existing conditions, if this long term disability plan replaces your Employer's prior plan and:

- you were covered by that plan on the day before this plan became effective; and

- you became covered under this plan within thirty-one days of its effective date.

The special rules are:

1. If the Employer's prior plan did not have a pre-existing condition exclusion or limitation, then a pre-existing condition will not be excluded or limited under this plan.

2. If the Employer's prior plan did have a pre-existing condition exclusion or limitation, then the limited time does not end after the first 12 months of coverage. Instead it will end on the date any equivalent limit would have ended under the Employer's prior plan.

3. If the change from your Employer's prior plan to this plan of coverage would result in an increase in your amount of benefits, the benefits for your disability that is due to a pre-existing sickness or injury will not increase. Instead the benefits are limited to the amount you had on the day before the plan change.

GRP 99545-7

## What Happens If You Return to Work Full Time and Your Disability Occurs Again?

If you have a *recurrent disability*, as determined by Prudential, we will treat your disability as part of your prior claim and you will not have to complete another elimination period if:

- you were continuously insured under this plan for the period between your prior claim and your current disability; and

- your recurrent disability occurs within 6 months of the end of your prior claim.

Your recurrent disability will be subject to the same terms of the plan as your prior claim. Any disability which occurs after 6 months from the date your prior claim ended will be treated as a new claim. The new claim will be subject to all of the plan provisions.

If you become covered under any other group long term disability plan, you will not be eligible for payments under the Prudential plan.

*Recurrent disability* means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

# Long Term Disability Coverage

## OTHER BENEFIT FEATURES

### What Benefits Will be Provided to Your Family If You Die? (Survivor Benefit)

When Prudential receives proof that you have died, we will pay your **eligible survivor** a lump sum benefit equal to 3 months of your gross disability payment if, on the date of your death:

- your disability had continued for 180 or more consecutive days; and

- you were receiving or were entitled to receive payments under the plan.

If you have no eligible survivors, payment will be made to your estate.

However, we will first apply the survivor benefit to any overpayment which may exist on your claim.

**Eligible survivor** means your spouse, if living; otherwise, your children under age 25.



(S-1)(40916-1)

## INFORMATION

### When Do You Notify Prudential of a Claim?

**We encourage** you to notify us of your claim as soon as possible, so that a claim decision **made** in a timely manner. Written notice of a claim should be sent within 30 days after the day **your** disability begins. However, you must send Prudential written proof of your claim no later than **90 days** after your elimination period ends. If it is not possible to give proof within 90 days, it must **be given** no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

The claim form is available from your Employer, or you can request a claim form from us. If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of claim without waiting for the form.

You must notify us immediately when you return to work in any capacity.

### How Do You File a Claim?

You and your Employer must fill out your own section of the claim form and then **give it to your** attending doctor. Your doctor should fill out his or her section of the form and send it directly to Prudential.

### What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

(1) That you are under the **regular care** of a **doctor**.

(2) The appropriate documentation of your monthly earnings.

(3) The date your disability began.

(4) Appropriate documentation of the disabling disorder.

(5) The extent of your disability, including restrictions and limitations preventing you from performing your regular occupation or gainful occupation.

(6) The name and address of any **hospital or institution** where you received treatment, including all attending doctors.

(7) The name and address of any doctor you have seen.

We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor. This proof, provided at your expense, must be received within 30 days of a request by us.

83500
CCLM-LTD-1001

(S-2)

In some cases, you will be required to give Prudential authorization to obtain additional medical information, and to provide non-medical information as part of your proof of claim, or proof of continuing disability. Prudential will deny your claim or stop sending you payments if the appropriate information is not submitted.

*Regular care* means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

*Doctor* means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## Who Will Prudential Make Payments To?

Prudential will make payments to you.

## What Happens If Prudential Overpays Your Claim?

Prudential has the right to recover any overpayments due to:

- fraud;

- any error Prudential makes in processing a claim; and

- your receipt of deductible sources of income.

You must reimburse us in full. We will determine the method by which the repayment is to be made.

Prudential will not recover more money than the amount we paid you.

LTD-1001

(S-2)

## What Are the Time Limits for Legal Proceedings?

You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

## How Will Prudential Handle Insurance Fraud?

Prudential wants to ensure you and your Employer do not incur additional insurance costs as a result of the undermining effects of insurance fraud. Prudential promises to focus on all means necessary to support fraud detection, investigation and prosecution.

In some jurisdictions, if you knowingly and with intent to defraud Prudential, file an application or a statement of claim containing any materially false information or conceal for the purpose of misleading, information concerning any fact material thereto, you commit a fraudulent insurance act, which is a crime and subjects you to criminal and civil penalties. These actions will result in denial or termination of your claim, and, where such laws apply, are subject to prosecution and punishment to the full extent under any applicable law. Prudential will pursue all appropriate legal remedies in the event of insurance fraud.

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential Help Your Employer Identify and Provide a Worksite Modification?

A worksite modification might be what is needed to allow you to perform the material and substantial duties of your regular occupation with your Employer. One of our designated professionals will assist you and your Employer to identify a modification we agree is likely to help you remain at work or return to work. This agreement will be in writing and must be signed by you, your Employer and Prudential.

When this occurs, Prudential will reimburse your Employer for the cost of the modification up to the greater of:

- $1,000; or

- the equivalent of 2 months of your monthly benefit.

This benefit is available to you on a one time only basis.

### How Can Prudential's Social Security Claimant Assistance Program Help You With Obtaining Social Security Disability Benefits?

Prudential can arrange for expert advice regarding your Social Security disability benefits claim and assist you with your application or appeal, if you are disabled under the plan.

Receiving Social Security disability benefits may enable:

- you to receive Medicare after 24 months of disability payments;

- you to protect your retirement benefits; and

- your family to be eligible for Social Security benefits.

We can assist you in obtaining Social Security disability benefits by:

- helping you find appropriate legal representation;

- obtaining medical and vocational evidence; and

- reimbursement of related case management expenses.

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential's Rehabilitation Program Help You Return to Work?

Prudential has a *rehabilitation program* available.

As your file is reviewed, medical and vocational information will be analyzed to determine if rehabilitation services might help you return to work.

Once the initial review is completed by our rehabilitation program specialists working along with your doctor and other appropriate specialists, Prudential may elect to offer you and pay for a rehabilitation program. If the rehabilitation program is not developed by Prudential's rehabilitation program specialists, you must receive written approval from Prudential for the program before it begins.

The rehabilitation program may include, but is not limited to, the following services:

- coordination with your Employer to assist you to return to work;

- evaluation of adaptive equipment to allow you to work;

- vocational evaluation to determine how your disability may impact your employment options;

- job placement services;

- resume preparation;

- job seeking skills training;

- retraining for a new occupation; or

- assistance with relocation that may be part of an approved rehabilitation program.

---

*Rehabilitation program* means a program designed to assist you to return to work.

# Glossary

*Active employment* means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 30 hours per week.

Your worksite must be:

- your Employer's usual place of business;

- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or

- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

*Confined or confinement* for this section means a hospital stay of at least 8 hours per day.

*Contract holder* means the Employer to whom the Group Contract is issued.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

*Disability earnings* means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible as explained in the plan. Salary continuance will not be included as disability earnings since it is not payment for work performed.

*Doctor* means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including but not limited to you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

*Eligible survivor* means your spouse, if living; otherwise, your children under age 25.

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

**mployee** means a person who is in active employment with the Employer for the requirement.

**mployer** means the Contract Holder, and includes any division, subsidiary or affiliate who is reported to Prudential in writing for inclusion under the Group Contract, provided that Prudential has approved such request.

**Employment waiting period** means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan  The period must be agreed upon by the Employer and Prudential.

**Evidence of insurability** means a statement of your medical history which Prudential will use to determine if you are approved for coverage.  Evidence of Insurability will be provided at your own expense.

**Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

**Gross disability payment** means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

**Hospital or institution** means an accredited facility licensed to provide care and treatment for the condition causing your disability.

**Indexed monthly earnings** means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date.  Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index.  Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor.  Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

**Injury** means a bodily injury that is the direct result of an accident, is independent of sickness, and occurs while you are covered under the plan.  Injury which occurs before you are covered under the plan will be treated as a sickness.  Disability must begin while you are covered under the plan.

**Insured** means any person covered under a coverage.

**Law, plan or act** means the original enactment of the law, plan or act and all amendments.

**Layoff or leave of absence** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement.  Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

**Material and substantial duties** means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

**Maximum period of payment** means the longest period of time Prudential will make payments to you for any one disability.

**Mental illness** means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive, or bipolar illness, anxiety, somatization, substance related disorders, and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

**Monthly benefit** means the total benefit amount for which an employee is insured under this plan subject to the maximum benefit.

**Monthly earnings** means your gross monthly income from your Employer as defined in the plan.

**Monthly payment** means your payment after any deductible sources of income have been subtracted from your gross disability payment.

**Part-time basis (LTD)** means the ability to work and earn 20% or more of your indexed monthly earnings.

**Payable claim** means a claim for which Prudential is liable under the terms of the Group Contract.

**Plan** means a line of coverage under the Group Contract.

**Pre-existing condition** means a condition for which you received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines or followed treatment recommendation for your condition during the given period of time as stated in the plan.

**Recurrent disability** means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

**Regular care means:**

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

***Regular occupation*** means the occupation you are routinely performing when your disability occurs. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

***Rehabilitation program*** means a program designed to assist you to return to work.

***Retirement plan*** means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

***Self-reported symptoms*** means the manifestations of your condition, which you tell your doctor, that are not verifiable using tests, procedures and clinical examinations standardly accepted in the practice of medicine. Examples of self-reported symptoms include, but are not limited to headache, pain, fatigue, stiffness, soreness, ringing in ears, dizziness, numbness and loss of energy.

***Sickness*** means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

***We, us, and our*** means The Prudential Insurance Company of America.

***You*** means a person who is eligible for Prudential coverage.

**The Summary Plan Description**

**is not part of the**

**Group Insurance Certificate.**

**It has been provided by**

**your Employer and included in**

**your Booklet-Certificate**

**upon the Employer's request.**



# SUMMARY PLAN DESCRIPTION

This booklet is intended to comply with the disclosure requirements of the regulations issued by the U.S. Department of Labor under the Employee Retirement Income Security Act (ERISA) of 1974. ERISA requires that you be given a "Summary Plan Description" which describes the plan and informs you of your rights under it.

**Plan Name**

> Long Term Disability Coverage for All active full-time Employees classified by the Employer as Non Union, Security Guard/ Fire Guard; excluding any Employees employed on a temporary or seasonal basis of  Metropolitan Pier and Exposition Authority.

**Plan Number**

> 501

**Type of Plan**

> Employee Welfare Benefit Plan

**Plan Sponsor**

> Metropolitan Pier and Exposition Authority
> Attention: Human Resources
> 301 E. Cermak
> Chicago, Illinois  60616

**Employer Identification Number**

> 36-6000991

**Plan Administrator**

> Metropolitan Pier and Exposition Authority
> Attention: Human Resources
> 301 E. Cermak
> Chicago, Illinois  60616

**Agent for Service of Legal Process**

> Metropolitan Pier and Exposition Authority
> Attention: Human Resources
> 301 E. Cermak
> Chicago, Illinois  60616

**Plan Year Ends**

> October 31

**Plan Benefits Provided by**

> The Prudential Insurance Company of America
> Prudential Plaza
> Newark, New Jersey 07102

SPD

(40916-1)

This Group Contract underwritten by The Prudential Insurance Company of America provides insured benefits under your Employer's ERISA plan(s). The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

**Loss of Benefits**

You must continue to be a member of the class to which this plan pertains and continue to make any of the contributions agreed to when you enroll. Failure to do so may result in partial or total loss of your benefits. It is intended that this plan will be continued for an indefinite period of time. But, the employer reserves the right to change or terminate the plan. This booklet describes your rights upon termination of the plan.

**Claim Procedures**

1. **Determination of Benefits**

   Prudential shall notify you of the claim determination within 45 days of the receipt of your claim. This period may be extended by 30 days if such an extension is necessary due to matters beyond the control of the plan. A written notice of the extension, the reason for the extension and the date by which the plan expects to decide your claim, shall be furnished to you within the initial 45-day period. This period may be extended for an additional 30 days beyond the original 30-day extension if necessary due to matters beyond the control of the plan. A written notice of the additional extension, the reason for the additional extension and the date by which the plan expects to decide on your claim, shall be furnished to you within the first 30-day extension period if an additional extension of time is needed. However, if a period of time is extended due to your failure to submit information necessary to decide the claim, the period for making the benefit determination by Prudential will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

   If your claim for benefits is denied, in whole or in part, you or your authorized representative will receive a written notice from Prudential of your denial. The notice will be written in a manner calculated to be understood by you and shall include:

   (a) the specific reason(s) for the denial,

   (b) references to the specific plan provisions on which the benefit determination was based,

   (c) a description of any additional material or information necessary for you to perfect a claim and an explanation of why such information is necessary,

   (d) a description of the Prudential's appeals procedures and applicable time limits, including a statement of your right to bring a civil action under section 502(a) of ERISA following your appeals, and

   (e) if an adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination will be provided free of charge upon request.

2. **Appeals of Adverse Determination**

SPD

(40916-1)

If your claim for benefits is denied or if you do not receive a response to your claim within the appropriate time frame (in which case the claim for benefits is deemed to have been denied), you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

A full review of the information in the claim file and any new information submitted to support the appeal will be conducted by the Prudential Appeals Review Unit. The claim decision will be made by a member of the Prudential Claims Management Team. The Prudential Appeals Review Unit and Claims Management Team members are made up of individuals not involved in the initial benefit determination. This review will not afford any deference to the initial benefit determination.

The Prudential Appeals Review Unit shall make a determination on your claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date that the Prudential Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include:

(a)  the specific reason(s) for the adverse determination,

(b)  references to the specific plan provisions on which the determination was based,

(c)  a statement that you are entitled to receive upon request and free of charge reasonable access to, and make copies of, all records, documents and other information relevant to your benefit claim upon request,

(d)  a description of Prudential's review procedures and applicable time limits,

(e)  a statement that you have the right to obtain upon request and free of charge, a copy of internal rules or guidelines relied upon in making this determination, and

(f)  a statement describing any appeals procedures offered by the plan, and your right to bring a civil suit under ERISA.

If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

If the appeal of your benefit claim is denied or if you do not receive a response to your appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your representative may make a second appeal of your denial in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your second appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Upon receipt of a second appeal, the Prudential Appeals Review Unit will again conduct a full review of the claim file and any additional information submitted. The claim decision will be made by a member of the Prudential Senior Claims Management Team. The Appeals Unit and Senior Claims Management Team member would not have been involved in the initial benefit determination or in the first appeal.

The Prudential Appeals Review Unit shall make a determination on your second claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part for a second time, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter as well as your right to appeal the decision to Prudential's Appeal Committee. If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied upon appeal.

If the second appeal of your benefit claim is denied or if you do not receive a response to your second appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your authorized representative may make a third appeal of your denial in writing to the Prudential Appeals Committee within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your third appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Upon receipt of a third appeal, the claim will be directed to Prudential's Appeals Committee by a member of the Prudential Senior Claims Management Team. This Committee will be composed of three members of the Senior Claims Management Team who have not been involved in any previous appeals.

The Prudential Appeals Committee shall make a determination on your third claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which the Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

Your decision to submit a benefit dispute to the third level of appeal has no effect on your right to any other benefits under this plan. If you elect to initiate a lawsuit without submitting to a third level of appeal, the plan waives any right to assert that you failed to exhaust administrative remedies. If you elect to submit the dispute to the third level of appeal, the plan agrees that any statute of limitations or other defense based on timeliness is tolled during the time that the appeal is pending.

If the claim on appeal is denied in whole or in part for a third time, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter. If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

## Rights and Protections

As a participant in this plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

### Receive Information about Your Plan and Benefits

- Examine, without charge, at the plan administrator's office and at other specified locations, such as worksites and union halls, all documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefit Administration.

- Obtain, upon written request to the plan administrator, copies of documents governing the operation of the plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated summary plan description. The plan administrator may make a reasonable charge for the copies.

- Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

**Prudent Actions by Plan Fiduciaries**

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

**Enforce Your Rights**

If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or Federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a Federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

**Assistance with Your Questions**

If you have any questions about your plan, you should contact the plan administrator. If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the plan administrator, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, DC 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Pension and Welfare Benefits Administration.

SPD

(40916-1)



**SOCIAL SECURITY ADMINISTRATION**

Refer To: 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

Office of Hearings and Appeals
15401 South 94th Ave.
Orland Park, IL 60462

Date: **APR 1 7 2006**


Sallie Ann Moore
3635 W 147th St
Apt 2 South
Midlothian, IL 60445

### NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case. My decision is based on your disability insurance benefits application filed on November 5, 2004, and your supplemental security income application filed on November 5, 2004. The component responsible for processing my decision must decide that you meet the non-medical requirements for Supplemental Security Income payments.

I announced the basis for my decision at the hearing held on April 17, 2006. I adopt here those findings of fact and reasons. At the hearing, you amended your alleged onset date to April 1, 2005.

To summarize briefly, I found you disabled beginning April 1, 2005 because despite multiple knee surgeries, you continue to experience residual pain and loss of function in the right knee that is so severe that you are unable to perform full-time work on a sustained basis at even the sedentary exertional level. Therefore, using Social Security Ruling 96-9p for guidance, along with using Medical-Vocational Rule 201.21 as a framework, I found that you are unable to perform any work that exists in significant numbers in the national economy.

If you want more information about my decision, you or your representative should file a written request for this information at any local Social Security office or a hearing office. Please include the Social Security number shown above on your request. If you ask for it, we will provide you with a record of my oral decision at the hearing.

**This Decision is Fully Favorable To You**

Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another may first ask you for more information. If you do not hear anything for 60 days, contact your local office.

EXHIBIT

**B**

Sallie Ann Moore (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)                                    Page 2 of 2

### The Appeals Council May Review The Decision On Its Own

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

### If You Disagree With The Decision

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

### How To File An Appeal

To file an appeal you or your representative, if you choose to appoint one, must request the Appeals Council to review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the **Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255**. Please put the Social Security number shown above on any appeal you file.

### Time To File An Appeal

To file an appeal, you must file your request for review within 60 days from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

### Time To Submit New Evidence

You should submit any new evidence you wish to the Appeals Council to consider with your request for review.

### How An Appeal Works

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404, Subpart J, and Part 416, Subpart N.

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It will review your case if one

Sallie Ann Moore (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)                                  Page 3 of 3

of the reasons for review listed in our regulations exists. Section 404.970, and 416.1470 of the regulations lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

**If No Appeal And No Appeals Council Review**

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit an office, please bring this notice and decision with you. The telephone number of the local office that serves your area is (708)709-4687. Its address is Social Security, 104 S Halsted Street, Chicago Heights, IL 60411-1256.

Shirley Moscow Michaelson
Administrative Law Judge

cc:   Bryan Woodruff
      33 N. LaSalle
      Ste. 2330
      Chicago, IL 60602