IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SALLIE A. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6783 |
| | ) | |
| | ) | |
| PRUDENTIAL INSURANCE COMPANY | ) | Judge Kendall |
| OF AMERICA, | ) | Magistrate Judge Keys |
| | ) | |
| Defendant. | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT

Now comes the plaintiff, SALLIE A. MOORE, by her attorneys, DAVID A. BRYANT and DALEY, DEBOFSKY & BRYANT, and for her complaint against the Defendant, she states:

### *Count 1*

### *Jurisdiction and Venue*

1. Jurisdiction of the court is based on diversity of citizenship and the amount in controversy. This is an action between citizens of different states. Plaintiff is a citizen of the State of Illinois and Defendant Prudential Insurance Company ("Prudential") has been doing business throughout the United States and is incorporated in the State of New Jersey, and providing welfare benefits, including the disability insurance benefits payable under the Policy within the Northern District of Illinois. Furthermore, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1332.

2. Jurisdiction of this court is not based on Employee Retirement Income Security Act of 1974 (ERISA) as alleged in prior complaint and as misstated in Defendant Prudential's

long term disability plan ("Plan"; a true and correct copy of both certificate of insurance and Plan is attached hereto as Exhibit "A").  Claimant's employer Metropolitan Pier & Exposition Authority ("MPEA") defines itself as, "… a municipal corporation created by the Illinois General Assembly.  Its Board of Directors is appointed by the Governor of Illinois and the Mayor of Chicago."  (http://www.mpea.com).  Created, funded, and staffed by government appointees, MPEA is governmental employer and as such, the Plan is exempt from ERISA provisions.  29 U.S.C. §§1003(b)(1), 1002 (32).   Accordingly, MPEA has not filed an Annual Return/Report of Employee Benefit Plan Form 5500 with the Internal Revenue Service as required of employee benefit plan (29 U.S.C, §1024). (http://www.freeerisa.com/5500/Form5500.asp?mode=SEARCH).

3. Venue is proper in this district because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois. 28 U.S.C. § 1391(b).

*Nature of Action*

4. This is a claim for breach of contract of disability income insurance issued by Defendant Prudential's Long Term Disability Plan for Employees of MPEA and to Plaintiff as an employee of MPEA, under Group Policy No. 40916.  Defendants terminated her long term disability coverage in a breach of the Plan contract.  Plaintiff also alleges that Defendant is guilty of unreasonable and vexatious delay in its refusal to pay disability income benefits to Plaintiff and that Plaintiff is entitled to recover penalties and attorneys' fees pursuant to 215 ILCS 5/155.

*The Parties*

5.     Plaintiff SALLIE A. MOORE ("Moore") is a resident of the Village of Midlothian, located in Cook County, Illinois, and is a citizen of the State of Illinois. Moore was born on December 18, 1957.

6.     Defendant PRUDENTIAL is a stock life insurance company authorized to do business and engaging in business in the State of Illinois and the Northern District of Illinois. Prudential is incorporated in the State of New Jersey and conducts the principal part of their business in New Jersey. Therefore, Prudential is a citizen of the State of New Jersey.

*Statement of Facts*

7.     Moore was actively employed by MPEA as a receptionist/switchboard operator until October 19, 2004, when she had to cease working due to severe knee pain and arthritis in both knees following knee surgery. Moore has not engaged in any substantial gainful activity since October 2004.

8.     Moore was actively employed by MPEA at the time her disability began, coverage under the Plan was provided as a term of employment, all necessary premiums were paid by Plaintiff and/or MPEA, and said premiums were accepted by Prudential for coverage under the Plan. Plaintiff satisfied all relevant requirements qualifying her as an insured individual (in the case of disability) under the Plan. (Exhibit A).

9.     Subsequent to ceasing employment, Moore made a claim for long term disability benefits under the Plan, stating that due to her condition, on or about October 19, 2004, and continuing to the present without interruption, she met the Plan definition of "disability," which states in relevant part:

You are disabled when Prudential determines that:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and

- you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness* or *injury*.

After 36 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

Exhibit "A" at 10 (emphasis in original).

10. Moore supported her claim for benefits with numerous medical records and reports, as well as other evidence certifying disability, and initially received long term disability benefits after satisfying the Plan's elimination period from October 17, 2005 through January 17, 2005; she continued to meet the criteria for "disability" under the Plan through July 17, 2005, the date on which Prudential terminated Moore's benefits, even though there had been no improvement in Moore's condition and additional surgeries were anticipated.

11. After Prudential terminated benefits, Moore submitted a claims appeal to Prudential which included medical evidence supporting her ongoing disability. Her claim was further supported by a determination of disability (signifying the inability to engaging in "any substantial gainful activity" (42 U.S.C. §423(d)(1)(A) – definition of "disabled" under the Social Security Act)) from the Social Security Administration, which found she was disabled as of April 1, 2005 (a true and correct copy is attached and submitted as Exhibit B). However, despite the foregoing, on October 17, 2006, Prudential refused to alter its decision to deny the payment of benefits.

12. Since the onset of her disability, Moore has continuously met the definition of "disabled" as quoted in paragraph 9, above; she has been under the continuous care of treating

physicians who have certified her disability and reported to Prudential that she has met the Policy's definition of "disabled" since October 2004.

13. Because all avenues of appeals have been exhausted through Prudential's claims process, this matter is now ripe for judicial review.

14. The determination by Prudential is contrary to the terms of the welfare benefit plan. That decision is also contrary to conclusions reached by an independent, objective U.S. governmental agency as well as the reports of the treating and examining physicians.

15. As a direct and proximate result thereof, based on the evidence submitted to Prudential establishing that Moore has met the Plan's disability definition, and that she continues to meet the definition of Total Disability, Moore is entitled to all benefits due since July 15, 2005, and such benefits must be continued until she recovers from disability, dies or reaches the age of 65, whichever comes first.

WHEREFORE, Plaintiff prays for the following relief:

A. Moore prays that the Court enter judgment against Prudential in an amount equal to all accrued past due benefits, as well as prejudgment interest;

B. Moore also recovers any and all benefits to which she may be entitled.

### *Count II*

For Count II of her complaint, Moore states:

1-15. Moore re-alleges paragraphs 1-15 of Count I as paragraphs 1-15 of Count II of this Complaint and, by that reference, incorporates those allegations herein.

16. There is and was in effect in the State of Illinois at all times relevant hereto, a statute codified at 215 ILCS 5/155 that allows the court to assess penalties and attorneys' fees against an insurance company that acts in a manner that is vexatious and unreasonable.

17. The foregoing described conduct constitutes an unreasonable and vexatious delay or refusal of payment on a claim because Prudential has refused to make payment despite the submission of valid and well-supported proofs of claim. In addition thereto, Prudential has acted unreasonably and vexatiously by interpreting its policy of insurance contrary to the law of this jurisdiction in order to wrongfully deprive the plaintiff of benefits since there is no legitimate dispute as to Moore's entitlement to benefits.

WHEREFORE, Moore prays for the following relief:

A. That she receives judgment in her favor and against Defendants as prayed for Count I of this Complaint.

B. That Defendants be assessed the maximum penalty allowable pursuant to 215 ILCS 5/155 and be ordered to pay Moore's attorneys' fees and court costs.

                                        Respectfully submitted,

                                        /s David A. Bryant
                                        One of the attorneys for Plaintiff

David A. Bryant
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778