THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALLIE MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | Case No. 2007-cv-6917<br><br>**Judge Virginia M. Kendall**<br>**Magistrate Judge Arlander Keys** |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, The Prudential Insurance Company of America, by its undersigned attorneys, for its Answer and Affirmative Defenses to Plaintiff Sallie Moore's ("Plaintiff") First Amended Complaint states as follows:

Federal Rule of Civil Procedure 8(a)(2) states, in pertinent part, that a pleading that sets forth a claim for relief shall provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The Amended Complaint violates these provisions as it contains partial quotes and unnecessary advocacy. In answering the Amended Complaint, Prudential only is required to address the averments upon which Plaintiff relies to allegedly state a claim.

*Count I*

*Jurisdiction and Venue*

1.　Jurisdiction of the court is based on diversity of citizenship and the amount in controversy. This is an action between citizens of different states. Plaintiff is a citizen of the State of Illinois and Defendant Prudential Insurance Company ("Prudential") has been doing business throughout the United States and is incorporated in the State of New Jersey, and

459792.1

providing welfare benefits, including the disability insurance benefits payable under the Policy within the Northern District of Illinois.  Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1332.

**ANSWER**:   Prudential makes no answer to the allegations in ¶1 of Plaintiff's Amended Complaint because they are conclusions of law and no answer is required.

2. Jurisdiction of this court is not based on Employee Retirement Income Security Act of 1974 (ERISA) as alleged in prior complaint and as misstated in Defendant Prudential's long term disability plan ("Plan"; a true and correct copy of both certificate of insurance and Plan is attached hereto as Exhibit "A"). Claimant's employer Metropolitan Pier & Exposition Authority ("MPEA") defines itself as, "… a municipal corporation created by the Illinois and the Mayor of Chicago." (http://www.mpea.com). Created, funded, and staffed by government appointees, MPEA is governmental employer and as such, the Plan is exempt from ERISA provisions.  29 U.S.C. §§1003(b)(1), 1002 (32).  Accordingly, MPEA has not filed an Annual Return/Report of Employee Benefit Plan form 5500 with the Internal Revenue Service as required of employee benefit plan (29 U.S.C., §1024). (http://www.freeerisa.com/5500/Form5500.asp?mode=SEARCH).

**ANSWER**:   Prudential denies that the long term disability policy and contract issued to the Metropolitan Pier & Exposition Authority misstates the applicability of ERISA. Answering further, Prudential makes no answer to the remaining allegations in ¶2 of Plaintiff's Amended Complaint because they are conclusions of law and no answer is required.

3. Venue is proper in this district because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois.  28 U.S.C. §1391(b).

**ANSWER**:   Prudential makes no answer to the allegations in ¶3 of Plaintiff's Amended Complaint because they are conclusions of law and no answer is required.

*Nature of Action*

4. This is a claim for breach of contract of disability income insurance issued by Defendant Prudential's Long Term Disability Plan for Employees of MPEA and to Plaintiff as an employee of MPEA, under Group No. 40916.  Defendants terminated her long term disability coverage in a breach of the Plan contract.  Plaintiff also alleges that Defendant is guilty of unreasonable and vexatious delay in its refusal to pay disability income benefits to Plaintiff and that Plaintiff is entitled to recover penalties and attorneys' fees pursuant to 215 ILCS 5/155.

459792.1

**ANSWER**:    Prudential denies the allegations in ¶4 of Plaintiff's Amended Complaint.

*The Parties*

5.    Plaintiff SALLIE A. MOORE ("Moore") is a resident of the Village of Midlothian, located in Cook County, Illinois, and is a citizen of the State of Illinois. Moore was born on December 18, 1957.

**ANSWER**:    Prudential neither admits nor denies the remaining allegations in ¶5 of Plaintiff's Amended Complaint for lack of sufficient information to form a belief thereon.

6.    Defendant PRUDENTIAL is a stock life insurance company authorized to do business and engaging in business in the State of Illinois and the Northern District of Illinois. Prudential is incorporated in the State of New Jersey and conducts the principal part of their business in New Jersey. Therefore, Prudential is a citizen of the State of New Jersey.

**ANSWER**:    Prudential admits the allegations in ¶6 of Plaintiff's Amended Complaint.

*Statement of Facts*

7.    Moore was actively employed by MPEA as a receptionist/switchboard operator until October 19, 2004, when she had to cease working due to severe knee pain and arthritis in both knees following knee surgery. Moore has not engaged in any substantial gainful activity since October 2004.

**ANSWER**:    Prudential denies knowledge and information except for the fact that the facts alleged are consistent with documents and information provided to Prudential in connection with Plaintiff's claim for long term disability benefits and as to those allegations, Prudential refers to the claim file a belief and denies the remaining allegations in ¶7 of Plaintiff's Amended Complaint.

8.    Moore was actively employed by MPEA at the time her disability began, coverage under the Plan was provided as a term of employment, all necessary premiums were paid by Plaintiff and/or MPEA, and said premiums were accepted by Prudential for coverage under the Plan. Plaintiff satisfied all relevant requirements qualifying her as an insured individual (in the case of disability) under the Plan. (Exhibit A).

**ANSWER**:    Prudential denies knowledge with respect to "terms of employment" and as to the remaining allegations, admits the allegations in ¶8 of Plaintiff's Amended Complaint.

3

459792.1

9. Subsequent to ceasing employment, Moore made a claim for long term disability benefits under the Plan, stating that due to her condition, on or about October 19, 2004, and continuing to the present without interruption, she met the Plan definition of "disability," which states in relevant part:

> You are disabled when Prudential determines that:
>
> - You are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury;* and
>
> - You have a 20 % or more loss in your *indexed monthly earnings* due to that *sickness or injury.*
>
> After 36 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

Exhibit "A" at 10 (emphasis in original).

**ANSWER**: Prudential admits that Plaintiff applied for long term disability benefits under the MPEA employee benefits plan and affirmatively states that any governing plan and policy documents speak for themselves and denies any and all allegations in ¶9 of Plaintiff's Amended Complaint inconsistent with and/or contradictory to the written terms thereof. Prudential denies any and all remaining allegations in ¶9 of Plaintiff's Amended Complaint.

10. Moore supported her claim for benefits with numerous medical records and reports, as well as other evidence certifying disability, and initially received long term disability benefits after satisfying the Plan's elimination period from October 17, 2005 through January 17, 2005; she continued to meet the criteria for "disability" under the Plan through July 17, 2005, the date on which Prudential terminated Moore's benefits, even though there had been no improvement in Moore's condition and additional surgeries were anticipated.

**ANSWER**: Prudential denies the allegations in ¶10 of Plaintiff's Amended Complaint to the extent Plaintiff characterizes the nature, scope, or volume of the materials she provided in support of the application for long term disability benefits. Prudential admits that long term disability benefits were paid for the period of January 17, 2005 to July 19, 2005 and that benefits

4

459792.1

were terminated effective July 20, 2005 because Plaintiff no longer satisfied conditions precedent of eligibility.

11. After Prudential terminated benefits, Moore submitted a claims appeal to Prudential which included medical evidence supporting her ongoing disability. Her claim was further supported by a determination of disability (signifying the inability to engaging in "any substantial gainful activity" (42 U.S.C. §423(d)(1)(A)-definition of "disabled" under the Social Security Act)) from the Social Security Administration, which found she was disabled as of April 1, 2005 (a true and correct copy is attached and submitted as Exhibit B). However, despite the foregoing, on October 17, 2006, Prudential refused to alter its decision to deny the payment of benefits.

**ANSWER**: Prudential denies the allegations in ¶11 of Plaintiff's Amended Complaint expect that it admits that it received Plaintiff's first request for reconsideration, that on March 22, 2006 Prudential upheld its initial determination to terminate Plaintiff's benefits and that Plaintiff was awarded social security disability benefits on April 17, 2006.

12. Since the onset of her disability, Moore has continuously met the definition of "disabled" as quoted in paragraph 9, above; she has been under the continuous care of treating physicians who have certified her disability and reported to Prudential that she has met the Policy's definition of "disabled" since October 2004.

**ANSWER**: Prudential denies any and all allegations in ¶12 of Plaintiff's Amended Complaint.

13. Because all avenues of appeals have been exhausted through Prudential's claims process, this matter is now ripe for judicial review.

**ANSWER**: Prudential admits that Plaintiff has submitted two requests for reconsideration of Prudential's initial determination and makes no answer to the remaining allegations in ¶13 of Plaintiff's Amended Complaint because they are legal conclusions and no answer is required.

14. The determination by Prudential is contrary to the terms of the welfare benefit plan. That decision is also contrary to conclusions reached by an independent, objective U.S. governmental agency as well as the reports of the treating and examining physicians.

5

**ANSWER**: Prudential denies any and all allegations in ¶14 of Plaintiff's Amended Complaint.

15. As a direct and proximate result thereof, based on the evidence submitted to Prudential establishing that Moore has met the Plan's disability definition, and that she continues to meet the definition of Total Disability, Moore is entitled to all benefits due since July 15, 2005, and such benefits must be continued until she recovers from disability, dies or reaches the age of 65, whichever comes first.

**ANSWER**: Prudential denies any and all allegations in ¶15 of Plaintiff's Amended Complaint.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

### *Count II*

1-15. Moore re-alleges paragraphs 1-15 of Count I as paragraphs 1-15 of Count II of this Complaint and, by that reference, incorporates those allegations herein.

**ANSWER**: Prudential restates, realleges and fully incorporates herein as if fully set forth herein its answers to ¶¶1-15 of Plaintiff's Amended Complaint.

16. There is and was in effect in the State of Illinois at all times relevant hereto, a statue codified at 215 ILCS 5/155 that allows the court to assess penalties and attorneys' fees against an insurance company that acts in a manner that is vexatious and unreasonable.

**ANSWER**: Prudential neither admits nor denies the allegations in ¶16 of Plaintiff's Amended Complaint as it merely cites to an Illinois statute, the applicability of which Prudential expressly denies.

17. The foregoing described conduct constitutes an unreasonable and vexatious delay of refusal of payment on a claim because Prudential has refused to make payment despite the submission of valid and well-supported proofs of claim. In addition thereto, Prudential has acted unreasonably and vexatiously by interpreting its policy of insurance contrary to the law of this

jurisdiction in order to wrongfully deprive the plaintiff of benefits since there is no legitimate dispute as to Moore's entitlement to benefits.

**ANSWER**:  Prudential denies any and all allegations in ¶17 of Plaintiff's Amended Complaint.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

1. All or part of Plaintiff's Amended Complaint fails to state a claim against Prudential upon which relief can be granted.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential and against Plaintiff and this Court award to Prudential such further and other relief as this Court deems just and equitable including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

## SECOND AFFIRMATIVE DEFENSE
### (Certificate of Insurance)

1. Plaintiff's rights and remedies are limited by the explicit terms of the Contract and Certificate of Insurance No. G-40916-IL. Said certificate is a written document and, as such, is the best evidence of its terms, conditions, coverage, exclusions, limitations, and all other matters pertaining thereto. Accordingly, Prudential pleads Certificate No. G-40916-IL, referred to in and attached to the Amended Complaint, as a complete defense to Plaintiff's claim as if copied *in extenso* herein.

459792.1

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

### THIRD AFFIRMATIVE DEFENSE
### (Condition Precedent to Coverage)

1. Incident to her employment, Plaintiff participated in her employer's employee welfare benefit plan with long term disability benefits underwritten by Prudential pursuant to the terms of the Policy.

2. Prudential conducted a review of Plaintiff's claim for long term disability benefits and after initially approving her claim for a period of recovery secondary to surgery undergone by Plaintiff, Prudential terminated Plaintiff's long term disability benefit claim effective July 20, 2005.

3. Prudential upheld its decision to terminate benefits through two levels of appeal, given that Plaintiff failed to:

    a. provide satisfactory proof of disability as required under the Policy given that the medical records provided by Plaintiff's treating physicians failed to support her claimed limitations and set forth resulting restrictions demonstrating impairment from her regular sedentary occupation as a receptionist.

4. Plaintiff failed to satisfy the conditions precedent to coverage and to benefit eligibility as set forth in the Policy.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

459792.1

## FOURTH AFFIRMATIVE DEFENSE
### (Set Off)

1.      Pursuant to the terms of the Policy, Plaintiff's claims are subject to offset by any Social Security Disability Benefits that Plaintiff may receive or has received; including individual and family awards.

2.      Prudential must be permitted to set off any Social Security Disability Benefits Award, including individual and family awards, Plaintiff received from any judgment or award decision rendered in favor of Plaintiff or withhold benefits in accordance with the terms of the Policy.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs.

**Respectfully Submitted,**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant**

By:     /s/ *Edna S. Bailey*
              One of Its attorneys

Daniel J. McMahon, Esq.
Edna S. Bailey, Esq.
WILSON ELSER
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602
312-704-0550
312-704-1522
Edna.Bailey@wilsonelser.com

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, hereby certifies that on February 8, 2008, she electronically filed the forgoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**David A. Bryant, dbryant@ddbchicago.com**

                                                             _____/s/ Edna S. Bailey_____
                                                                Edna S. Bailey, IL6277775

459792.1